UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RAMIRO ARIAS, #24027-069**                                                                                           **PETITIONER**

**VERSUS**                                                       **CIVIL ACTION NO.  3:14-cv-245-CWR-LRA**

**UNITED STATES OF AMERICA**                                                                              **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Ramiro Arias, an inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Arias is challenging his federal conviction and sentence. Upon review of the Petition [1], along with the applicable case law, the Court has reached the following conclusions.

**I. Background**

On January 11, 2005, Arias pled guilty to and was convicted of one count of aiding and abetting with intent to distribute narcotics and one count of conspiracy to import 1,000 kilograms or more of marijuana, in the United States District Court for the District of Puerto Rico. *See United States v. Arias*, No. 3:04-cr-9 (D. P.R. Jan. 11, 2005). Arias states that he was sentenced as a career offender to serve 262 months imprisonment followed by five years of supervised release. His conviction and sentence was affirmed by the First Circuit. *See U.S. v. Arias*, No. 05-2041 (1st Cir. 2006). His motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, was denied by the sentencing court on June 3, 2008. *See Arias v. U.S.*, 3:07-cv-1174 (D. P.R. June 3, 2008).

Arias claims that he is entitled to habeas relief because the sentencing court violated his constitutional rights when he was designated a "career offender" under § 4B1.1 of the sentencing

guidelines. He argues that without the career offender designation he "would have been sentenced to a term of 135 to 168 months." Pet. [1] at 10. Arias also states that he was provided ineffective assistance of counsel, apparently because his attorney filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1987). As relief, Arias is requesting re-sentencing "absent the application [of] U.S.S.G. § 4B1.1." *Id*. at 11.

**II.  Analysis**

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997).

Arias's claims clearly challenge the validity of his sentence, and therefore are not properly pursued in a § 2241 petition. *Pack*, 218 F.3d at 452. However, pursuant to a limited exception, referred to as the "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In *Reyes-Requena,* the Fifth Circuit set forth a two-part test to determine if a claim meets the stringent "inadequate or ineffective" requirement entitling the inmate to proceed under the savings clause. 243 F.3d at 904. To satisfy the test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the

2

claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena v. U.S.*, 243 F.3d at 904).

Arias clearly attacks the validity of his conviction and sentence in the instant case, therefore, he cannot pursue these claims in a § 2241 petition unless he can demonstrate that he is entitled to relief under the savings clause. At best, Arias contends that he meets the requirements to proceed under the savings clause because he is "actually innocent of his sentence enhancement", *i.e.*, he is not a career offender, because "the facts supporting the enhancement were not alleged in the indictment." Pet. [1] at 8, 10. It appears Arias is attempting to rely on the United States Supreme Court decision of *United States v. Booker*, 543 U.S. 220 (2005), as support for his actual innocence claim. *See id.*

However, the Fifth Circuit has consistently found that sentence enhancement claims fail to satisfy the requirements of the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 22 F.3d 209, 213-14 (5th Cir. 2000). Since "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction" it "fails the first prong of the *Reyes-Requena* test." *Bradford*, 660 F.3d at 230. Moreover, Arias's reliance on *United States v. Booker* does not assist his cause because the holding in *Booker* is not retroactively applicable to cases on collateral review. *Padilla*, 416 F.3d at 427. The Court concludes that Arias's claims do not rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, thus, he fails the first prong of the *Reyes-Requena* test and he cannot proceed with his claims under the savings clause.

3

**III. Conclusion**

Since Arias's claims challenge the validity of his sentence and his claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.  Accordingly, this Petition for habeas relief shall be dismissed as frivolous.  *See Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous").  Further, to the extent the Petition can be construed as a § 2255 motion it shall be dismissed for lack of jurisdiction.  *Pack,* 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the 21st day of March, 2014.

                                                s/Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE